

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2003

# Anderson v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket 02-2429

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Anderson v. Philadelphia" (2003). *2003 Decisions.* Paper 638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2429

TAMIKA ANDERSON,

Appellant

v.

CITY OF PHILADELPHIA; UNKNOWN PHILADELPHIA POLICE OFFICER
JOHN OR JANE DOE NO. 1, INDIVIDUALLY AND IN HIS OR HER CAPACITY
AS A POLICE OFFICER; UNKNOWN PHILADELPHIA POLICE OFFICER JOHN
OR JANE DOE NO. 2, INDIVIDUALLY AND IN HIS OR HER CAPACITY AS A
POLICE OFFICER

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil No. 01-cv-02388)
District Court Judge: Hon. John P. Fullam, Jr., Senior Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2003

Before: McKEE, SMITH and HOCHBERG,[*] Circuit Judges
(Filed: April 22, 2003)
OPINION OF THE COURT

PER CURIAM.

Tamika Anderson appeals the district court's order denying her leave to amend the

complaint she filed in this civil rights suit. For the reasons that follow we will affirm.

**I.**

On May 14, 1999, Tamika Anderson was the complainant in a criminal case that

---

[*] The Honorable Faith Hochberg, District Judge for the District of New Jersey, sitting
by designation.

arose from an alleged incident of domestic violence. However, she refused to testify against the defendant at a hearing in that case. Anderson's reluctance to assist in that prosecution purportedly resulted in a heated exchange between Anderson and the district attorney, and Anderson was thereafter arrested.

On May 14, 2001, Anderson filed a complaint against the City of Philadelphia and Police Officers John or Jane Doe 1 and 2. The complaint, as subsequently amended, sought relief under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights, as well as state law claims for false arrest and false imprisonment. On March 7, 2002, the City of Philadelphia filed a motion for summary judgment. Anderson did not respond to that motion. Rather, on March 8, 2002, she again sought to amend the complaint. This time, she filed a motion to add the name of an individual police officer defendant who had previously been identified only as "John Doe" or "Jane Doe." The district court denied that motion and this appeal followed after the court granted a defense motion for summary judgment and dismissed Anderson's suit.[1] On appeal, Anderson only challenges the district court's denial of her motion to amend her complaint and name one of the previously unidentified police officers.

## II.

The district court refused to allow Anderson to amend the complaint by naming one

---

[1] We review the district court's grant or denial of a motion for leave to amend a complaint for abuse of discretion. *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 193 (3d Cir. 2001).

of the unidentified police officers because it concluded that the officer did not have notice of his potential involvement as a defendant and would therefore be prejudiced by the untimely amendment.

District courts have substantial discretion to allow plaintiffs to amend complaints, and modern rules of pleading generally counsel in favor such amendments. Thus, Fed. R. Civ. P. 15(a) states in part that "leave [to amend] shall be freely given when justice so requires." However, this does not mean that a district court must allow a plaintiff to amend a complaint if the amendment would result in undue delay or prejudice, or if a proposed amendment would be futile. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). The standard of legal sufficiency set forth in Fed. R. Civ. P. 12(b)(6) determines whether a proposed amendment would be futile. *In re Burlington Coat Factory Litigation,* 114 F.3d 1410, 1434 (3d Cir. 1997). Accordingly, an amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id.*; *see also Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

Here, Anderson attempted to amend her complaint long after the expiration of the applicable statute of limitations. "Federal law which governs the accrual of §1983 claims establishes that the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the §1983 action." *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991). It is uncontested that the

3

applicable statute here required Anderson to bring her action within two years of that date.[2]

*See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); 42 Pa. Cons. Stat. Ann. §5524(2) (1982 & Supp. 2002). The district court correctly concluded that this period could not be extended by naming the "John Doe" set forth in the complaint. *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986). The incident giving rise to Anderson's §1983 action took place on May 14, 1999. Anderson therefore had until May 14, 2001 to file her complaint. The attempted substitution occurred on March 8, 2002. This was nearly a full year after the expiration of the limitations period. Accordingly, the proffered amendment was futile because the claim expired with the statute of limitations.

We recognize that, notwithstanding the time bar of the statute of limitations, an otherwise untimely amendment may be allowed if it relates back under Fed. R. Civ. P. 15 (c). Fed. R. Civ. P. 15(c) provides:

> Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the

---

[2]Anderson's state law claims of false arrest and false imprisonment were also governed by a two year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. §5524(1) (1982 & Supp. 2002).

4

action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Anderson cannot rely upon Rule 15(c)(3) because she cannot meet her burden of showing that the proposed defendant had either actual or constructive notice of her lawsuit. Anderson argues that the defendant had constructive notice because he was represented by "shared" counsel with the City of Philadelphia. However, that argument is without merit. *See Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 196-97 (3d Cir. 2001) (describing shared attorney and identity of interest theories of imputing 15(c)(3) notice). In *Singletary*, we stated that "when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* at 196.

The theory is not implicated on this record involving a municipality and multiple John/Jane Doe defendants because Anderson cannot show that the attorney for the City even knew the identity of the John/Jane Does. Therefore she cannot establish that the City's attorney communicated with those defendants in a manner that would charge them with knowledge of their exposure to Anderson's suit. *Singletary,* 266 F.3d at 197 (citing 6A Charles A. Wright et al., *Federal Practice And Procedure* § 1499, at 146 (2d ed.1990)). Moreover, counsel for the City represents without contradiction that trial counsel's entry of appearance was limited to the City of Philadelphia and that he therefore did not have any attorney-client relationship with the unnamed individual defendant police

5

officers. *See* Br. for Appellee at 16. Absent a showing of actual, informal or constructive notice, we cannot conclude that the newly named party would not be prejudiced by allowing the proposed amendment. *Singletary*, 266 F.3d at 194 n.3.[3] Accordingly, we conclude that the district court properly denied Anderson's motion to substitute the names of the John/Jane Doe defendants.

## III.

The district court granted summary judgment and dismissed the complaint after further concluding that Anderson had also stated a claim against the City. The court reasoned that the City could not be liable because Anderson failed to produce any evidence of the pattern, practice custom or lack of training necessary for municipal liability under § 1983. We agree. Therefore, we will affirm the district court's grant of summary judgment to the defendants.

---

[3]Although we have briefly discussed the possibility of allowing an amendment naming a party beyond the limitation period as provided in Rule 15(c), it is not at all certain that Anderson has preserved that argument for appeal as the record does not establish that she attempted to rely upon Rule 15(c) before the district court.